UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
HENRY SATROWSKY,              )
     Plaintiff                )
                              )
v.                            )    CIVIL DOCKET NO. 04-10827-JLT
                              )
BOSTON & MAINE                )
RAILWAY COMPANY &             )
SPRINGFIELD TERMINAL          )
RAILWAY COMPANY,              )
     Defendants               )
_____
```

### DEFENDANTS' MOTION TO PRECLUDE EXPERT TESTIMONY OF MICHAEL D. SHINNICK, Ed.D. AND MEMORANDUM IN SUPPORT OF MOTION

Now come the defendants and move that the plaintiff be precluded from offering expert testimony at trial from Michael D. Shinnick, Ed.D.

As reasons for so moving the defendants state as follows:

A. This case was filed in April, 2004 and is scheduled for trial on March 5, 2007.

B. The plaintiff's disclosure of the expert testimony expected from Dr. Shinnick was received by defendant's attorney by mail on January 19, 2007 in the form of a nine (9) page report dated January 15, 2007. A copy of said report is attached.

C. At a Scheduling Conference on August 1, 2006 the Court ordered that depositions be completed and all documents produced by November 30, 2006.

D. The plaintiff's disclosure, in addition to being untimely, fails to comply with F.R.C.P. 26(a)(2)(B) in that it fails to disclose the compensation to be paid to the expert, and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.



**Argument**

The late disclosure of the plaintiff's expert opinion evidence has prejudiced the defendant.

In <u>Poulis-Minott v. Smith</u>, 338 F.3d 354, C.A. 1 (Me.) 2004 the Court stated at page 358:

> Federal rules of Civil Procedure 26(a) provides that "a party shall disclose to other parties the identity of any person who may be used at trial to present [expert opinion evidence]" and submit a detailed report including the expert's qualifications and "a complete statement of all opinions to be expressed and the basis and reasons therefor." Fed.R.Civ.P.26(a)(2)(A)-(B). This Court has held these directives to be mandatory since the adoption of Rule 37(c)(1), which "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule." *Klonoski, M.D. v. Mahlab, M.D.,* 156 F.3d 255, 269 (1st Cir. 1998). "[T]he required sanction in the ordinary case is mandatory preclusion." *Id.*
>
> Rule 37(c)(1) enforces Rule 26(a) by providing that "[a] party that without substantial justification fails to disclose information required by Rule 26(a)…is not, unless such failure is harmless, permitted to use as evidence… any witness or information not so disclosed."

The Court stated further:

> The purpose of the expert disclosure rules is "to facilitate a "fair contest with the basic issues and facts disclosed to the fullest practical extent.'" *Id.* (quoting *Thibeault v. Square D. Co.,* 960 F.2d 239, 244 (1st Circ.1992)). Thus Rules 26(a) and Rule 37 (c)(1) seek to prevent the unfair tactical advantage that can be gained by failing to unveil an expert in a timely fashion, and thereby potentially deprive a plaintiff of the opportunity to "depose the proposed expert, challenge his credentials,

      solicit expert opinions of his own, or conduct expert-related discovery." *Id.*

<u>Poulis-Minott v. Smith,</u> supra, at page 358.

      In conclusion, the defendant submits that because the plaintiff has failed to comply with the rules of procedure and the directives of the Court, the testimony of Michael D. Shinnick, Ed.D should be precluded.

                              THE DEFENDANTS,
                              By their attorney,

                              <u>/s/James J. Walsh, Esq.</u>
                              James J. Walsh – BBO #514560
                              HERLIHY, THURSBY & HERLIHY
                              133 Federal Street
                              Boston, MA 02110
                              (617)426-6100

### CERTIFICATE OF SERVICE

      I, James J. Walsh, Counsel of Record for the defendants hereby certify that I have on this day, <u>January 23 </u>, 2007, served a copy of the foregoing document, by mail, postage prepaid, to:

ATTORNEYS FOR THE PLAINTIFF

Michael J. McDevitt, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210


Thomas J. Joyce, III, Esq.
Law Office of Thomas J. Joyce, III
900 Centerton Road
Mount Laurel, NJ  08054-1630

                              <u>/s/James J. Walsh, Esq.</u>
                              James J. Walsh, Esq.