UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HENRY SATROWSKY, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>BOSTON & MAINE )<br>RAILWAY COMPANY, et al., )<br>Defendants                                           ) | CIVIL ACTION No. 04-10827-JLT |

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO PRECLUDE EXPERT TESTIMONY
OF MICHAEL D. SHINNICK, Ed.D.

COMES NOW the Plaintiff, Henry Satrowsky, by and through his counsel, and hereby responds in Opposition to Defendants' Motion to Preclude the Expert Testimony of Michael D. Shinnick, Ed.D. (Document 16), as follows:

I.    BACKGROUND:

This is a personal injury action brought pursuant to an Act of Congress known as the Federal Employers' Liability Act (FELA), 45 U.S.C. Section 51, et seq.  Henry Satrowsky sustained occupational repetitive-stress lower extremity injuries in the course and scope of his railroad employment with Defendants.  Defendants have filed a Motion to Preclude Expert Testimony of Michael D. Shinnick, Ed.D., alleging that Plaintiff failed to timely identify Dr. Shinnick as Plaintiff's ergonomic expert in this matter.

II.    FACTS:

On or about July 14, 2005, Plaintiff served Answers to Defendants' Interrogatories and Request for Production of Documents on Defendants.  Defendants' Interrogatory No. 17 requested the identity of each expert witness which Plaintiff intends

to call at trial. Plaintiff answered, "Plaintiff has not yet retained any expert witness. Plaintiff intends to use Dr. Shinnick." See Plaintiff's Exhibit "A" attached hereto. Dr. Shinnick has been retained previously as an ergonomic expert in other FELA cases brought against Defendants.

On or about July 31, 2006, the parties filed a Joint Scheduling Plan with the Court (Document 10), wherein they agreed on a schedule which included the following discovery deadlines:

> "(a) All *fact* discovery to be completed by November 30, 2006;
>
> (b) All expert disclosures for Plaintiff by January 31, 2007;
>
> (c) All expert disclosures for Defendants by February 28, 2007;
>
> . . ." (emphasis added).

See Plaintiff's Exhibit "B" attached hereto. The parties also filed lists of proposed deponents with the Court. In Defendants' List of Proposed Deponents (Document 11), Defendants state, "The defendants may also depose the expert witness designated as "Dr. Shinnick" in the plaintiff's Answer No. 17 to Defendants' Interrogatories." See Plaintiff's Exhibit "C" attached hereto.

On or about August 1, 2006, this Honorable Court entered an Order (Document 12) setting a deadline of November 30, 2006, for the completion of depositions of the plaintiff Henry Satrowsky, plaintiff's treating physicians, and certain railroad employees and/or representatives. This Order appeared to be consistent with the parties' Joint Scheduling Plan in that Dr. Shinnick's deposition was not ordered to be completed by November 30, 2006. See Plaintiff's Exhibit "D" attached hereto.

On or about December 18, 2006, Plaintiff served Dr. Shinnick's Curriculum Vitae on Defendants and further confirmed his intention to call Dr. Shinnick as plaintiff's ergonomic expert in this matter.  See Plaintiff's Exhibit "E" attached hereto.

On or about January 16, 2007, Plaintiff served Dr. Shinnick's Applied Ergonomic Report with regard to Plaintiff Henry Satrowsky on Defendants.  See Plaintiff's Exhibit "F" attached hereto.

This matter is now set for jury trial on March 5, 2007.

III.   ARGUMENT:

This personal injury action was brought pursuant to an Act of Congress known as the Federal Employers' Liability Act (FELA), 45 U.S.C. Sec. 51 et seq.  Specifically, the FELA states, in pertinent part:

> Every common carrier by railroad while engaging in commerce between any of the states and territories, or between the District of Columbia and any of the states or territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier, in such commerce, or in case of death of such employee, to his or her personal representative for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, track, road bed, works, boats, wharves, or other equipment.
>
> Any employee of a carrier, any part of whose duties as such employee shall be in the furtherance of interstate commerce; or shall, in any way, directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this Act be considered as being employed by such carrier, in such commerce, and shall be considered as entitled to the benefits of this Act and of an Act entitled "An Act related to the liability of common carriers by railroad to their employees in certain cases".  (App'd April 22, 1908) [45 U.S.C. Secs. 51 et seq.] as the same has been or may hereafter be amended (emphasis added).

45 U.S.C. Sec. 51.

The FELA was enacted by the United States Congress in 1908. Congress and the United States Supreme Court have, over the years, consistently stated the purpose of the FELA is to protect and benefit railroad employees injured on the job. The FELA is to be liberally construed to allow railroad employees, such as Henry Satrowsky, injured in the scope of their employment to recover from the railroad even where the railroad's negligence is minimal. Rodriguez v. Deloroy Connecting Railroad Company, 473 F. 2d 819 (6th Cir. 1973).

This duty to provide a safe place to work was non-delegable and could not be passed on by the railroad to any person, firm or corporation. Bailey v. Central Vermont Railway Company, 319 U.S. 350 (143). Not only is this duty to provide a safe place to work a non-delegable one, but it is also an affirmative one. This means that Defendants had a positive obligation to provide Henry Satrowsky with a safe place to work, including finding any defect or hazard which would normally be revealed within the work place. Williams v. Atlantic Coastline Railroad Company, 190 F. 2d 744 (5th Cir. 1951).

In the instant matter before this Honorable Court, Defendants have moved to preclude Plaintiff's ergonomic expert, Dr. Michael Shinnick, from testifying. Under Federal Rule of Civil Procedure (F.R.C.P.) 26(a)(2), any witness, not just those experts retained or specially employed to provide expert testimony, who will provide expert testimony at trial must be properly designated. See Hamburger v. State Farm Mut. Auto Ins. Co., 361 F.3d 875 (5th Cir. 2004). Further, under Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), for expert testimony to be admitted, the proposed testimony must be supported by appropriate validation based on what is known. The trial judge

must make a preliminary assessment of whether reasoning or methodology underlying the testimony is scientifically valid, and of whether that reasoning or methodology properly can be applied to the facts in issue. Id. at 593.

Michael D. Shinnick, Ed.D., is a highly qualified professional with significant experience and knowledge as to ergonomic risk factors for occupational musculoskeletal disorders. See Dr. Shinnick's CV attached hereto as Plaintiff's Exhibit "E". Dr. Shinnick has been timely identified as Plaintiff's expert, and his CV and report have been produced to Defendants. Defendants have not been prejudiced in this matter. Dr. Shinnick's testimony will properly assist the trier of fact to understand critical evidence in this FELA action, and Defendants do not challenge this in their instant motion.

Plaintiff respectfully requests oral argument.

WHEREFORE, in light of the above, Plaintiff respectfully requests Defendants' Motion be Denied, and that Dr. Shinnick be permitted to testify at trial in this matter.

                    Respectfully submitted,

BY: /s/ Thomas J. Joyce, III
      THOMAS J. JOYCE, III, ESQUIRE
      LAW OFFICE OF THOMAS J. JOYCE, III
      900 Centerton Road
      Mount Laurel, NJ 08054
      (856) 914-0220
      Attorney for Plaintiff

BY: /s/ Michael J. McDevitt
      MICHAEL J. McDEVITT, ESQUIRE
      LAWSON & WEITZEN
      88 Black Falcon Avenue, Suite 345
      Boston, MA 02210
      Local Counsel for Plaintiff

Dated: February 6, 2007

CERTIFICATE OF SERVICE

I, MICHAEL J. McDEVITT, hereby certify that I electronically filed the foregoing Plaintiff's Response in Opposition to Defendant's Motion to Preclude the Expert Testimony of Michael D. Shinnick, Ed.D., with the Clerk of Court using the ECF system, which sent notification of such filing to James J. Walsh, Esquire, attorney for Defendant, on this 6th day of February, 2007.

BY: */s/ Michael J. McDevitt*_____
　　　MICHAEL J. McDEVITT, ESQUIRE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HENRY SATROWSKY, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION No. 04-10827-JLT |
| ) | |
| BOSTON & MAINE ) | |
| RAILWAY COMPANY, et al., ) | |
| Defendants ) | |

ORDER

      AND NOW, this _____ day of _____, 2007, upon consideration of Defendants' Motion to Preclude the Expert Testimony of Michael D. Shinnick, Ed.D., and Plaintiff's Response in Opposition thereto, it is hereby ORDERED that Defendants' Motion is DENIED.  Plaintiff's ergonomic expert Dr. Shinnick shall be permitted to testify at trial.

                                        BY THE COURT:

                                        _____
                                        United States District Judge